Robert Henry Rivernider, Jr

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street

Ocala, FL 34471


Date: December 7, 2025


Clerk of Court

U.S. District Court – District of Connecticut

141 Church Street

New Haven, CT 06510


Re: Rule 60(d)(3) Motion to Set Aside Judgment for Fraud on the Court

Case No. 3:14-cv-01000 RNC

---

To the Clerk:

    Please accept for filing the enclosed Rule 60(d)(3) Motion to Set Aside Judgment for Fraud on the Court. This motion challenges fraud presented to the Court during adjudication of Petitioner's prior motion under 28 U.S.C. § 2255. It does not present new claims under § 2255 and is directed solely at the integrity of the habeas proceeding, consistent with Gonzalez v. Crosby, 545 U.S. 524 (2005).

Respectfully submitted,

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission

Jail ID No. 0278231

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ROBERT HENRY RIVERNIDER, JR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No.: 3:14-cv-01000

---

RULE 60(d)(3) MOTION TO SET ASIDE JUDGMENT FOR FRAUD ON THE COURT

    COMES NOW Petitioner, ROBERT HENRY RIVERNIDER, JR., appearing pro se, and respectfully moves this Honorable Court pursuant to Federal Rule of Civil Procedure 60(d)(3) to set aside the judgment denying his motion under 28 U.S.C. § 2255. This motion challenges fraud perpetrated upon the habeas court itself, specifically the Government's submission of materially false financial loss claims and fraudulent victim information that corrupted the integrity of the § 2255 proceeding.

    This motion does not challenge the underlying conviction or sentence, nor does it raise a new claim under 28 U.S.C. § 2255. Instead, it seeks relief for fraud on the court, as expressly permitted by Rule 60(d)(3) and consistent with Gonzalez v. Crosby, 545 U.S. 524 (2005).

1

## I. LEGAL STANDARD FOR FRAUD ON THE COURT

Rule 60(d)(3) preserves the Court's inherent power to vacate judgments obtained through fraud on the court. Unlike ordinary fraud under Rule 60(b)(3), fraud on the court has no time limit.

In Hazel–Atlas Glass Co. v. Hartford–Empire Co., 322 U.S. 238, 246–47 (1944), the Supreme Court vacated a judgment because attorneys procured it through an intentionally false submission. The Court held that fraud on the court is a:

"wrong against the institutions set up to protect and safeguard the public,"

and must be corrected regardless of the passage of time.

In United States v. Throckmorton, 98 U.S. 61 (1878), the Court explained that:

"Fraud vitiates everything it touches."

The Fifth Circuit in Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978) described fraud on the court as occurring where a party intentionally sets in motion a scheme calculated to interfere with the judicial system's ability to impartially adjudicate a matter.

Similarly, the Eleventh Circuit has held that fraud on the court exists where conduct "defiles the court itself," preventing the judicial machinery from functioning impartially. Travelers Indemnity Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985).

## II. THIS MOTION IS NOT A SECOND OR SUCCESSIVE § 2255 PETITION

Under Gonzalez v. Crosby, 545 U.S. 524 (2005), a Rule 60 motion is proper where the petitioner challenges "some defect in the integrity of the federal habeas proceedings," rather than the merits of the conviction or sentence.

Petitioner does not:

- re-litigate the underlying criminal judgment,
- assert new evidentiary grounds,
- challenge the sentence itself.

Instead, Petitioner challenges fraudulent facts and victim information presented by the Government in the § 2255 proceeding, which misled the habeas court. This motion therefore is not a second or successive § 2255 petition and does not require authorization under 28 U.S.C. § 2244(b).

## III. FRAUD COMMITTED UPON THE HABEAS COURT

During the adjudication of Petitioner's prior § 2255 motion, the Government represented that:

1. Selene Finance was a statutory victim of Petitioner's offenses; and
2. Selene Finance sustained $285,823.50 in actual loss.

Both statements were materially false.

### A. Selene Finance was not a statutory victim

Under the Mandatory Victim Restitution Act:

"Victim" means a person directly and proximately harmed by the offense of conviction. 18 U.S.C. § 3663A(a)(2).

Selene Finance:

- did not originate the mortgage,
- was not a downstream lender,
- did not rely on Petitioner's conduct at the time of the offense.

Rather, Selene acquired its interest years later by purchasing a distressed asset at a discounted market price. Selene therefore suffered no direct and proximate loss within the meaning of § 3663A(a)(2).

### B. The Government submitted fabricated loss numbers

The Government represented that Selene Finance suffered a loss of $285,823.50. The actual distressed-market purchase price for Selene's note, however, was more than $100,000 less than that amount.

This was not:

- clerical error,

4

- arithmetic mistake, or
- a reasonable difference of opinion.

It was a material misrepresentation, presented as an established fact, and used to portray Selene as a harmed victim entitled to restitution.

C. These misrepresentations corrupted the habeas proceeding

The § 2255 court relied on the Government's false assertions regarding both:

- Selene's status as a statutory victim, and
- the claimed $285,823.50 "loss."

By relying on inflated and fabricated loss data and a non-victim designated as a victim, the habeas court was deprived of a fair and accurate record. The fraud therefore affected the integrity of the § 2255 proceeding itself, not merely the underlying criminal case.

IV. ELEMENTS OF FRAUD ON THE COURT ARE SATISFIED

The elements for fraud on the court are:

1. Intentional misconduct;
2. By an officer of the court;
3. Directed to the judicial machinery itself;
4. That actually deceives the court.

Here:

- Intentional misconduct: The $100,000+ inflation of claimed loss and the mislabeling of Selene as a statutory victim could not have occurred by accident.
- Officers of the court: Federal prosecutors and probation personnel who submitted or endorsed this information are officers of the court.
- Directed at the judicial machinery: The misrepresentations were made to influence the Court's analysis in the § 2255 proceeding.
- Actual deception: The Court relied upon the Government's victim and loss submissions when denying habeas relief.

These facts fit squarely within the framework described in Hazel–Atlas, Rozier, and Travelers.

---

## V. NO TIME LIMIT APPLIES TO RULE 60(d)(3)

Rule 60(d)(3) fraud on the court is not subject to Rule 60(b) timelines. The Supreme Court in Hazel–Atlas made clear that fraud on the court must be corrected "regardless of the passage of time," because it is a wrong against the judicial system itself.

## VI. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Honorable Court:

1. Vacate the judgment denying the § 2255 motion;

6

2. Reopen the § 2255 proceeding for adjudication based upon accurate facts and proper victim status; and

3. Grant such further relief as justice requires.

Respectfully submitted,

Date: December 8, 2025

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission

Jail ID No. 0278231

Marion County Jail

3290 NW 10th Street, Ocala, FL 34471

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been mailed via U.S. Mail to:

United States Attorney's Office — District of Connecticut

157 Church Street, 25th Floor

New Haven, CT 06510

7

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission

8