UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT RIVERNIDER | : | |
| | : | Civil No. 3:14CV1000 (RNC) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | January 13, 2026 |

GOVERNMENT'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO DOCKET 274, RULE 60 MOTION TO SET ASIDE DISMISSAL OF 2255 PETITION

As the Court is well aware, the defendant's Section 2255 petition/motion was filed in July 2014 [Docket # 1], almost thirteen years ago.[1] After years of litigation, myriad motions, and extensive evidentiary hearings, the Court dismissed the Section 2255 motion in September 2022, more than three-and-a-half years ago, with no certificate of appealability [Doc. 259]. The defendant appealed and that appeal was dismissed, with the Mandate issuing in September 2023 [Doc. 269]. The related criminal case was formally transferred to Florida over a year ago, in December 2024 [Doc. 865-866], as the defendant was on the latter part of his term of supervised release. Apparently, the defendant has now violated supervise release in Florida and has been reincarcerated, resulting in his renewed effort to relitigate long-decided issues.

Despite established successive petition requirements, which have not been met, the defendant, now proceeding *pro se*, has filed in this case in Connecticut a Motion to Set Aside the 2255 Judgment, with that motion entered on the docket on January 6, 2026, and with a response presently due January 19, 2026. The defendant maintains that Rule 60 of the Federal Rules of Civil Procedure permits him to allege fraud on the 2255 action; request the Court to set aside the

[1] As the Court is also aware, the defendant pled guilty in the related criminal case (3:10CR222 (RNC)) in February 2013 [Crim. Case Doc. 367], with sentencing and judgment entered in December 2013 [Crim Case Doc. 577, 583], and judgment affirmed on appeal.

dismissal of the defendant's 2255 petition/motion; and seek to reopen the long-decided matter for litigation anew. For the reasons discussed below, the undersigned respectfully requests an extension of time until February 13, 2026 to permit the undersigned to review the applicable law, to refamiliarize himself with the extensive record and to draft and file the appropriate response.

Since the time the recent pleading was entered on the docket on January 6, 2026, just after the undersigned returned to the Office on January 5, 2026, after time away, the undersigned has been addressing the press of business that often is significant at the beginning of a new year. Such immediate business includes, as an Office supervisor, reviewing a number of other matters of other AUSAs who have their own January/February deadlines. In addition, the undersigned has his own active caseload. Last week, the undersigned was required to prepare matters for a scheduled evidentiary presentation; to draft lengthy sentencing memoranda for upcoming sentencings; and to participate in a sentencing hearing in Hartford. This week and going forward, in addition to the ongoing supervisory responsibilities and drafting the present request for extension of time, the undersigned is drafting a lengthy sentencing memorandum and preparing for a different evidentiary presentation. Next week, the undersigned has an evidentiary presentation in New Haven as well as two long-scheduled sentencings taking place in Hartford. In addition, the undersigned is preparing for and assisting in AUSA and agent training next Friday. The undersigned then also is scheduled to prepare for and undertake an evidentiary hearing in New Haven the week of January 26 and an evidentiary presentation the week of February 2-February 6.

Although the undersigned believes the defendant's motion is baseless, the defendant's presently filed motion will undoubtedly require the undersigned to undertake research regarding the applicable law and then refamiliarize himself with the underlying extensive record.

Realistically, the undersigned may not have sufficient time to begin a meaningful review until the end of the first week in February. As a result, the undersigned respectfully requests that the time for any response to the defendant's recently filed motion be extended until February 13, 2026.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

*/s/Christopher W. Schmeisser*

CHRISTOPHER W. SCHMEISSER
ASSISTANT U.S. ATTORNEY
Federal Bar No. ct14806
christopher.schmeisser@usdoj.gov
157 Church Street, 25TH Floor
New Haven, CT 06510
Tel.: (203) 821-3700

CERTIFICATION OF SERVICE

I hereby certify that on January 13, 2026, a copy of the foregoing was filed electronically, by facsimile and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A copy of this motion has been mailed to:

Robert Henry Rivernider, Jr.
Jail ID No. 25041136
Orange County Corrections Dept.
3855 So John Young Pwky,
Orlando, FL 32839

*/s/Christopher W. Schmeisser*
Christopher W. Schmeisser
Assistant United States Attorney